**Kevin RAZZOLI, Petitioner–Appellant,**

v.

**UNITED STATES PAROLE COMMIS-SION; Zenk, Warden (MDC Brooklyn); U.S. Navy, Respondents–Appellees.**

No. 03–2651.

United States Court of Appeals,
Second Circuit.

Oct. 20, 2004.

Kevin Razzoli, Brooklyn, NY, for Appellant, pro se.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Peter A. Norling and Susan Corkery, Assistant United States Attorneys, and Douglas W. Thiessen, Attorney, U.S. Parole Commission, Office of General Counsel), Brooklyn, NY, for Appellees, of counsel.

PRESENT: WALKER, Chief Judge, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Kevin Razzoli appeals the September 16, 2003 judgment of the district court dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, in which he challenges the validity of his arrest on April 25, 2003, by local authorities, his continued detention while parole officers secured a parole violation warrant, and the validity of the parole violation warrant. The district court dismissed the petition without prejudice on the ground that the challenged parole revocation proceedings were still pending and, therefore, Razzoli's administrative remedies had not yet been exhausted.

Under Article III, Section 2 of the United States Constitution, federal courts lack jurisdiction to decide questions that cannot affect the rights of litigants in the case before them. *DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). As a result, even if a case was properly before the district court, it must be dismissed as moot if, "during the pen-

dency of an appeal, events occur that would prevent the appellate court from fashioning effective relief." *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993); *see also In re Burger Boys, Inc.*, 94 F.3d 755, 759 (2d Cir.1996).

A prerequisite to maintaining a petition for a writ of habeas corpus under § 2241 is that the petitioner is "in custody" or "detained," *see* 28 U.S.C. §§ 2241(a) & (c), 2242, and the only relief that can be granted on such a petition is to "award the writ [ordering release from custody] or issue an order directing the respondent to show cause why the writ should not be granted," *see* 28 U.S.C. § 2243. In the present case, Razzoli's detention at the time he filed his habeas petition in the district court satisfied the "in custody" requirement of § 2241. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). But Razzoli was released from custody on December 20, 2003, which, although after the district court had dismissed Razzoli's petition, was while this appeal was pending. Where, as here, a petitioner's habeas petition challenges parole revocation proceedings, his petition becomes moot when he is released from custody unless he is able to demonstrate collateral consequences stemming from the parole revocation proceedings. *See Kemna*, 523 U.S. at 14, 118 S.Ct. 978. No such collateral consequences have been demonstrated here. Accordingly, we must dismiss his appeal because there is no longer any relief that Razzoli can be granted, even if this panel were to conclude that the district court's dismissal was erroneous.

For the foregoing reasons, the appeal from the judgment of the district court is hereby DISMISSED for lack of jurisdiction.